UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

| | |
|---|---|
| In re Application of<br><br>ZURU LLC and ZURU INC.,<br><br><br><br>Petitioners. | Misc. Case No:<br><br>APPLICATION FOR THE ISSUANCE OF A SUBPOENA TO TESTIFY AT AN ORAL TESTIMONY DEPOSITION AND TO PRODUCE DOCUMENTS PURSUANT TO 35 U.S.C. § 24 TO THE NEW YORK TIMES COMPANY |

---------------------------------------------------------X

**APPLICATION FOR THE ISSUANCE OF A SUBPOENA TO TESTIFY AT AN ORAL TESTIMONY DEPOSITION AND TO PRODUCE DOCUMENTS PURSUANT TO 35 U.S.C. § 24 TO THE NEW YORK TIMES COMPANY**

Zuru LLC and Zuru Inc. (collectively, "Zuru" or "Petitioners") hereby apply pursuant to 35 U.S.C. § 24 for the issuance of a Subpoena to Testify at an Oral Testimony Deposition and to Produce Documents directed to The New York Times Company (the "New York Times"). Zuru's proposed Subpoena is attached hereto as Exhibit A. The purpose of the Subpoena is to offer important testimony and documents in connection with Zuru's trial testimony period in an *inter partes* trademark cancellation proceeding pending before the United States Patent and Trademark Office ("USPTO") Trademark Trial and Appeal Board ("TTAB") titled *Zuru LLC and Zuru Inc. v. Lego Juris A/S*, Cancellation No. 92075254 (the "Cancellation Proceeding").

In support of this Application, Zuru represents as follows:

**Background**

**A. The Petitioners**

1.  Zuru Inc. is a family-owned toy and consumer products company founded in Cambridge, New Zealand in 2004.

2.  Zuru LLC is a subsidiary of Zuru Inc.

3. Zuru is one of the fastest growing toy companies in the world and a competitor of the Lego Group.

4. One of Zuru's product lines is the MAX Build More. The MAX Build More products consist of building blocks (*i.e.*, legos) that are used to construct toy houses, buildings, vehicles and other objects and are currently sold by Zuru LLC in the United States.

**B. The Cancellation Proceeding**

5. On September 1, 2020, Zuru initiated the *inter partes* Cancellation Proceeding by filing a Petition for Cancellation in the TTAB seeking cancellation of U.S. Trademark Registration Nos. 1,018,875 (the "'875 Registration") and 2,245,652 (the "'652 Registration") on the basis that the term "lego" has become generic for all or a portion of the goods in those Registrations. A copy of Zuru's Petition for Cancellation is attached hereto as Exhibit B.

6. Zuru alleges that over time, the toy building blocks and/or toy construction blocks and connecting links for the same, associated with the '875 and '652 Registrations, have acquired such market dominance and mind share that the primary meaning of the term "lego" and its plural form "legos" is no longer the source of the product, but instead is the product itself. Indeed, those terms have widely been used to identify construction toy products in a generic way by consumers, in entertainment, by the media, in dictionaries, on the Internet, and elsewhere. *See* Exhibit B.

7. Accordingly, Zuru contends the relevant public primarily uses and understands the terms "lego" and "legos" to refer to the genus of the goods claimed in the '875 and '652 Registrations, and that Zuru and others in the toy industry have a present and prospective right to use the terms "lego" and "legos" to describe the products they are selling.

8. Zuru, therefore, is requesting that the TTAB cancel the '875 and '652 registrations. *See* 15 U.S.C. § 1064(3) (providing that a petition to cancel may be filed at any

time if the registered mark becomes the generic name for the goods or services, or a portion thereof); *id* § 1067(a) (providing that the TTAB shall determine and decide the respective rights of registration in every application to cancel the registration of a mark).

### C. Subpoena Power in *Inter Partes* TTAB Proceedings

9.  Generally, *inter partes* proceedings before the TTAB are governed by the Rules of Practice in Trademark Cases primarily set forth in Part 2 of Title 37 of the Code of Federal Regulations. *See* 35 U.S.C. § 23 (granting the Director of the USPTO the authority to "establish rules for taking affidavits and depositions required in cases in the [USPTO]."); *see also* Trademark Trial and Appeal Board Manual of Procedure ("TBMP") § 101.01 ("All proceedings before the [TTAB] are governed by the . . . the rules of practice in trademark cases (commonly known as the Trademark Rules of Practice), which may be found in Parts 2 and 7 of Title 37 of the Code of Federal Regulations . . . .").

10. Under the Trademark Rules of Practice, the Federal Rules of Civil Procedure generally apply to all phases of *inter partes* proceedings, such as the Cancellation Proceeding, *see* 37 C.F.R. § 2.116(a).

11. Nevertheless, the TTAB lacks the authority to compel witnesses through the subpoena power in *inter partes* proceedings. *Rosenruist-Gestao E Servicos LDA v. Virgin Enters. Ltd.*, 511 F.3d 437, 443-44 (4th Cir. 2007). Accordingly, Congress granted federal district courts subpoena authority under 35 U.S.C. § 24 to command the appearance of witnesses in "contested cases" before the USPTO. 35 U.S.C. § 24 ("The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent and Trademark Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify . . . .").

12. The term "contested case," as used in 35 U.S.C. § 24 means "a proceeding in which the PTO has provided for the taking of depositions for use in that proceeding." *Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1322 (Fed. Cir. 2013). The USPTO has provided for the taking of depositions for use in the Cancellation Proceeding. *See* 37 C.F.R. 2.120(b) (providing for the taking of discovery depositions in cancellation proceedings); *id.* § 2.123(a) (providing for the taking of oral testimony depositions in cancellation proceedings).

13. A "witness" as used in the statute, is not limited to natural persons and allows the court to reach corporations and other juristic persons. *Rosenruist-Gestao*, 511 F.3d at 444-46 ("We agree with VEL that the 'witness' is not limited only to natural persons. The PTO regulations expressly contemplate the use of Rule 30(b)(6) depositions in which the corporation is the 'person' named in the subpoenas as the deponent. *See* 37 C.F.R. §§ 2.120(b), 2.124(b)(2). Nothing in the text of 35 U.S.C.A. § 24 suggests to us that, in the context of a contested PTO action, the interplay between Federal Rules 30(b)(6) and 45 operates differently."); *see also generally El Encanto, Inc. v. Hatch Chile Co., Inc.*, 825 F.3d 1161 (10th Cir. 2016) (permitting subpoena duces tecum issued pursuant to 35 U.S.C. § 24 directed toward corporation).

14. A party to a TTAB *inter partes* proceeding can also obtain nonparty documents by subpoena pursuant to 35 U.S.C. § 24 with or without a deposition. *El Encanto, Inc.*, 825 F.3d at 1163.

**D. The Prior Subpoena Application**

15. Zuru previously filed in this Court an application for subpoenas to obtain documents and appear for a discovery deposition directed to The New York Times Company in connection with the Cancellation Proceeding. *See In re Application of Zuru LLC and Zuru Inc.*, Misc. Case No. 1:21-mc-00688-AJN.

16. This Court granted Zuru's previous application and issued the subpoenas.

17. Following issuance of those subpoenas, Zuru obtained the following:

   a. A declaration from Nick Marci, Financial Director, The New York Times Company, dated October 14, 2021, along with associated documents;

   b. A declaration from Alice Olszewski, Executive Director of Standalone Analytics, The New York Times Company, dated October 28, 2021, along with associated documents; and

   c. A declaration from Al-Amyn Sumar, Counsel, The New York Times Company, dated November 2, 2021, along with associated documents.

18. The declarations authenticated and provided information concerning the distribution of New York Times crossword puzzles in which the term "lego" or "legos" were solutions to clues that demonstrate and corroborate Zuru's position that those terms are primarily understood as generic terms consistent with Zuru's Petition for Cancellation.

19. Zuru produced the declarations and associated documents in discovery in the Cancellation Proceeding, and now intends to use the information in the declarations and the associated documents in the trial testimony period of the Cancellation Proceeding, and to obtain similar information concerning other crossword puzzles and solutions that have appeared in the New York Times.

### E. Trial Testimony in Cancellation Proceedings

20. "The assignment of testimony periods corresponds to setting a case for trial in court proceedings." 37 C.F.R. § 2.116(d).

21. Absent a stipulation approved by the TTAB, or other order of the TTAB, the Trademark Rules of Practice preclude trial testimony from being taken or evidence being presented "except during the times assigned." 37 C.F.R. § 2.121(a).

22. The TTAB interprets this rule to mean: "Absent a stipulation or Board order, a testimony affidavit or declaration must be taken—that is, executed—during the assigned testimony period, as required by Rule 2.121(a)." *Robinson v. Hot Grabba Leaf, LLC*, Cancellation No. 9206039, 2019 WL 1915759, at *4 (T.T.A.B. Apr. 25, 2019) (precedential).

23. Accordingly, the TTAB may exclude declarations executed outside a parties' trial testimony period. *See, e.g.*, e*Spotify AB v. U.S. Software, Inc.*, 2022 WL 110251, at *3 (T.T.A.B. Jan. 10, 2022) (precedential) (sustaining objection to declaration executed more than one year prior to trial); *see also generally* TBMP § 703.01(c) n.1.

24. Moreover, when submitting a declaration as testimony during a trial testimony period, the party submitting the declaration must make the declarant available for cross-examination at the election of the adverse party. *See* 37 C.F.R. § 2.123(a)(1).

**Discussion**

25. This Application is proper pursuant to 35 U.S.C. § 24 and the Court should direct the clerk to issue the Subpoena (Ex. A) for the following reasons.

26. *First*, the information that Zuru seeks from The New York Times concerning use of the challenged terms generically in crossword puzzles in the New York Times is of significant import to the issue in the Cancellation Proceeding. The use of a term generically in a newspaper "is a strong indication of the general public's perception" that the term is generic, and not a designation of source. *See Murphy Door Bed Co., Inc. v. Interior Sleep Systems, Inc.*, 874 F.2d 95, 101 (2d Cir. 1989). Moreover, the circulation and distribution information associated with these generic uses of the challenged terms shows the extent of the impact on the public's perception from these generic uses.

27. *Second*, the Subpoena is necessary for Zuru to offer admissible testimony concerning these generic uses, and to utilize the information contained in the declarations it

{N6037981}                                6

previously obtained. The TTAB may exclude the declarations and associated documents that Zuru previously obtained because the declarations were executed prior to Zuru's testimony period. Therefore, Zuru must compel The New York Times to provide testimony during Zuru's testimony period to make the information and associated documents admissible. Further, Zuru has no mechanism to compel the New York Times's designees to submit to cross-examination barring a subpoena. Accordingly, the Subpoena is necessary for Zuru to present its case in the Cancellation Proceeding fully and fairly.

28. *Third*, the Subpoena meets all the statutory requirements for issuance under 35 U.S.C. § 24. Because The New York Times is within this district, having its place of business at 620 Eighth Avenue, New York, NY 10018, the Application seeks issuance of the Subpoena from this district and the Subpoena requires compliance within this district.

29. *Fourth*, Zuru will comply with all applicable provisions of Federal Rule of Civil Procedure 45. Zuru will give notice to all parties in the Cancellation Proceeding prior to serving the Subpoena, and Zuru will tender the required fees and traveling expenses required upon service of the Subpoena.

30. *Fifth*, and finally, the Subpoena is narrowly tailored. Zuru seeks only to compel The New York Times' designee[s] to testify concerning crossword puzzles and solutions as it did in the previously provided declarations, and to produce the same types of documents it previously provided. Therefore, the burden on The New York Times will not be significant relative to the importance of the information The New York Times will provide.

## Conclusion

In sum, this Court has the statutory authority to issue the Subpoena in connection with the Cancellation Proceeding. The Subpoena seeks testimony and documents concerning highly relevant evidence, is necessary under the Trademark Rules of Practice and TTAB decisional law, is narrowly tailored, and in all other respects complies with all applicable requirement of 35 U.S.C. § 24 and the Federal Rules of Civil Procedure. Accordingly, the Court should grant this Application and enter an order requiring the clerk to issue the attached Subpoena pursuant to 35 U.S.C. § 24. A proposed order is filed herewith for the Court's consideration.

Respectfully submitted,

Date: March 25, 2025

CARMODY TORRANCE SANDAK & HENNESSEY LLP

By: _____
John R. Horvack, Jr. (JH8991)
Fatima Lahnin (FL0701)
Damian K. Gunningsmith (DG0125)
CARMODY TORRANCE SANDAK & HENNESSEY LLP
195 Church Street, 18th Floor
New Haven, CT  06509
Tel: 203-777-5501
Fax: 203-784-3199
jhorvackjr@carmodylaw.com
flahnin@carmodylaw.com
dgunningsmith@carmodylaw.com